Case: 2:09-cv-00995-NMK Doc #: 33 Filed: 10/10/12 Page: 1 of 5 PAGEID #: 398

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CATRENA GREEN | :: | Case No. 2:09cv995 |
| Plaintiff, | :: | Magistrate Judge King |
| -vs- | :: | **FINAL PRETRIAL ORDER** |
| TROOPER ADAM THROCKMORTON | | |
| Defendant. | :: | |
| | :: | |

:: :: :: :: :: :: :: :: ::

This action came before the Court at a final pretrial conference held on October 15, 2012 at 1:30 p.m. pursuant to Rule 16 FRCP.

I.   APPEARANCES

   For Plaintiff:  Robert B. Newman

   For Defendant Bridget Coontz

II.   NATURE OF ACTION AND JURISDICTION

   A.   This is an action for damages.

   B.   The jurisdiction of the Court is invoked under 28 U.S.C. 1331.

   C.   The jurisdiction of the Court is not disputed.

III.   TRIAL INFORMATION

   A.   The estimated length of trial is 3 days.

Case: 2:09-cv-00995-NMK Doc #: 33 Filed: 10/10/12 Page: 2 of 5 PAGEID #: 399

      B.     Trial to a jury has been set pursuant to the General Order on Trial Assignment.

IV.    AGREED STATEMENTS AND LISTS

      A.    <u>General Nature of the Claims of the Parties</u>

      1.     Plaintiff claims that there was no reasonable suspicion that she was impaired and thus no justification for detaining her for a field sobriety test.

      2.     Secondly, Plaintiff claims that there was no probable cause to have arrested her.

      3.     Defendant asserts that based on the totality of the circumstances he had reasonable suspicion to detain the Plaintiff for the administration of field sobriety tests. Further, Defendant asserts that the administration of those tests did not measurably extend the duration of the traffic stop.

      4.     Defendant asserts that during the course of the stop and detention of Plaintiff probable cause developed to arrest her.

      5.     Defendant further claims that he is entitled to qualified immunity.

      B.    <u>Uncontroverted Facts</u>

      1.     The parties admit the authenticity of (1) the impaired driver report, (2) the statement of facts/written report of law enforcement officer, (3) the citation, (4) property control form, (5) Alcohol Analysis Report pp.1-2, (6) Urine Drug Screen Report pp. 1-2, (7) Videotape of Stop and Arrest. (8) 2006 National Highway Transportation Safety Administration Manual.

      2.     It is admitted that Defendant is a State Trooper with the Ohio State Patrol, and that his actions taken in this case were under color of law.

      3.     It is admitted that the date, time and place of the incident was August 24, 2008, on State Route 104 in Ross County, Ohio at about 11:00 p.m.

      4.     It is admitted that at this time Plaintiff was pulled over by Defendant who informed her that she was driving with her high beams on. Further, Plaintiff admitted this traffic violation to Defendant.

Case: 2:09-cv-00995-NMK Doc #: 33 Filed: 10/10/12 Page: 3 of 5  PAGEID #: 400

5.      It is admitted that Plaintiff exited her vehicle to recover her license from the rear of the vehicle and that Defendant subsequently administered field sobriety tests ("FST's") to the Plaintiff.

6.      It is admitted that Defendant Throckmorton is trained and certified in the administration of FST's.

7.      It is admitted that Plaintiff denied drinking or taking drugs.

8.      It is admitted that Plaintiff gave off no odor of alcohol.

9.      It is admitted that Plaintiff was taken to jail in Chillicothe Ohio, Plaintiff's car was towed at her request, and that she submitted to a urine test.

C.      Issues of Fact and Law

1.      Contested Issues of Fact for the Jury according to Plaintiff:

   a.  Whether Plaintiff's conduct before Defendant detained her for FSTs created a reasonable suspicion that she was driving under the influence of drugs or alcohol.  [See appellate opinion at 8]

   b.  Whether Plaintiff's conduct during the administration of the FSTs created probable cause for Defendant to arrest her.  [See appellate opinion at 16]

2.      Contested Issues of Fact for the Jury according to Defendant:

   a.   Whether a reasonable officer in Trooper Throckmorton's position would have placed the Plaintiff under arrest for OVI.

   b.  Whether Trooper Throckmorton's observations gave him reasonable suspicion to detain the Plaintiff to administer FST's.

   c.  Whether Trooper Throckmorton's observations of the Plaintiff during the traffic stop gave him probable cause to arrest her.

3.      Contested Issues of Law for the Court:

Contested Issues of Law include but may not be limited to:

   a.  Defendant asserts that there is a question as to the admissibility of evidence related to reasonable suspicion and probable cause gathered after the point of arrest.

3

Case: 2:09-cv-00995-NMK Doc #: 33 Filed: 10/10/12 Page: 4 of 5 PAGEID #: 401

Plaintiff's position is that the Sixth Circuit, in following *Miller v. Sanilac County*, 606 F.3d 240 (6th Cir. 2012), has expressly ruled that post-arrest evidence relating to sobriety is relevant in cases where the credibility of the arresting officer is at issue. See appellate opinion at 11-12. Defendant's position is that blood alcohol test results gathered after the point of arrest are admissible only to the extent the officer's credibility is at issue and only for that purpose.

b. Whether the trial should be bi-furcated on the issue of liability and damages. In the alternative, the admissibility of evidence related to Plaintiff's claimed damages during the liability phase of trial. Plaintiff opposes any such bifurcation.

c. The admissibility of evidence, including filings, related to the disposition of the Ross County Municipal Court OVI case filed against the Plaintiff. Plaintiff's position is that such evidence is relevant both to liability and to damages. Defendant's position is that the lack of privity between the State and the Trooper precludes the use of any such evidence in a subsequent 42 U.S.C. 1983 case. See, *Potts v. M.E. Hill*, 2003 U.S. App. LEXIS 20336.

D.  Witnesses

1.  Plaintiff will testify and will call Defendant as if on cross.

2.  Defendant will testify and will call the Plaintiff as if on cross.

3.  Defendant may call a witness from the Ohio State Highway Patrol Crime Lab. Defendant will inform Plaintiff of the name of this witness by October 15, 2012.

E.  Expert Witnesses

Pursuant to the Court's CMC order of January 21, 2010 (ECF Doc. No. 7) expert witness disclosure was stayed until after the dispositive motions. Depending upon the court's scheduling order with respect to expert discovery, Defendant anticipates retaining the following expert to testify in this matter: Lt. Mark Denney, Colerain Township Police Department. Defendant will inform Plaintiff as to when Lt. Denney's report will be ready by October 15, 2012. Plaintiff will have 30 days after receiving this report to name his expert.

F.  Exhibits

The parties' exhibit list is attached hereto as Appendix A. The parties reserve the right to supplement exhibit lists subject to expert discovery or as needed on rebuttal.

4

G.     Depositions

Both parties will have their depositions available and both parties reserve the right to use the depositions for all uses permitted under the Civil Rules.

H.     Discovery

Lay discovery has been completed.  Expert witness discovery was stayed until a decision on the dispositive motion and is commencing.  (ECF Doc. No. 7).

V.     MODIFICATION

This final pretrial order may be modified at the trial or prior to, to prevent manifest injustice.

VI.     JURY INSTRUCTIONS

The parties shall submit agreed jury instructions to the Court for approval at the commencement of trial.  If the parties cannot agree, each party shall submit proposed jury instructions prior to commencement of trial.  Requests for special instructions shall be submitted to the Court at the commencement of trial.

VII.     SETTLEMENT EFFORTS

Plaintiff made a settlement demand early in the case which was rejected.

_____
Magistrate Judge Norah McCann King

10/15/12

/s/ Robert B. Newman
Robert B. Newman
 Trial Counsel for Plaintiff

/s/ Stephen R. Felson
Stephen R. Felson
Co-counsel for Plaintiff

/s/ Bridget Coontz
Bridget Coontz
Counsel for Defendant

5

## APPENDIX A

### JOINT EXHIBITS

1.) Trooper Throckmorton's Impaired Driver Report;

2.) Trooper Throckmorton's Written Report/Statement of Facts

3.) Copy of Citation issued to Plaintiff

4.) Property Control Form

5.) Alcohol Analysis Report

6.) Urine Drug Screen Report

7.) Videotape of Stop and Arrest

8.) 2006 National Highway Transportation Safety Administration Manual


### PLAINTIFF'S EXHIBITS

1.) Visa and court receipts for bond (2 pages)

2.) Chillicothe Municipal Court notice of hearing

3.) City's motion to dismiss complaint and entry of dismissal


### DEFENDANT'S EXHIBITS

1.) CV of Lt. Mark Denney

2.) Expert Report of Lt. Mark Denney


The parties reserve the right to supplement exhibit lists subject to expert discovery or as needed on rebuttal.